UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SERVPRO INTELLECTUAL )
    PROPERTY, INC.  and )
SERVPRO INDUSTRIES, INC., )
 )
    Plaintiffs, )
 ) Civil Action No. _____
v. ) Judge _____
 ) Magistrate Judge _____
ADVANCED RESTORATION GROUP )
and )
ERIC MAY, )
 ) **JURY TRIAL DEMANDED**
    Defendants. )

## COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this Complaint for trademark infringement and unfair competition against Advanced Restoration Group ("Advanced") and Eric May ("May") (collectively, "Defendants") and state as follows:

## PARTIES

1. Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2. On information and belief, Advanced Restoration Group is a New Jersey business and has its principal place of business at 411 S. Broadway, Pitman, New Jersey 08071.

3. On information and belief, Eric May is the active agent behind Advanced's conduct.

4. On information and belief, May is a New Jersey citizen residing at 254 Yardley Place, Williamstown, NJ 08094.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court in accordance with 28 U.S.C. § 1391, in part because Defendants' addresses are in this District.

7. The Court has personal jurisdiction over Defendants because Defendants engage in business in New Jersey.

8. The Court has personal jurisdiction over Defendants because Defendants have headquarters or are otherwise based in New Jersey.

9. The Court has personal jurisdiction over Defendants because Defendants reside in New Jersey.

10. Further, the acts complained of herein occurred primarily in New Jersey.

11. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

    a. Defendants have purposefully established "minimum contacts" with the State of New Jersey, and

    b. the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

12. Therefore, this Court has specific and general jurisdiction over Defendants.

## BACKGROUND OF DISPUTE

13. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

14. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

15. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" and variants and derivatives (collectively the "SERVPRO TRADEMARKS"), more specifically:

   a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

   b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,361,893 (Exhibit 2 hereto) in connection with "mold remediation services" for the trademark "SERVPRO";

   c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 3 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:

   

   d. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 4 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:



e. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 5 hereto) in connection with various cleaning products and equipment for the following mark:



f. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 3,368,163 (Exhibit 6 hereto) in connection with mold remediation services for the following mark:



16. Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

17. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the SERVPRO TRADEMARKS to customers.

18. The services offered by Servpro or its franchisees include residential and commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major events damage restoration.

19. Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark.

20. Consumers have purchased billions of dollars of "SERVPRO" goods and services.

21. Servpro Industries, Inc. and its franchisees have expended millions of dollars promoting the SERVPRO TRADEMARKS.

22. Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

23. Due to this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will nationally in the SERVPRO TRADEMARKS.

24. As a result, the SERVPRO TRADEMARKS are famous and strong throughout the United States.

25. Defendants operate their business in New Jersey.

26. Prior to January 16, 2015, Advanced operated as Advanced Restoration Group LLC, a New Jersey company with Business ID No. 0400497557. On January 16, 2015, Advanced Restoration Group LLC's business license was revoked.

27. Advanced Restoration Group LLC's Certificate of Formation lists Eric May of 254 Yardley Place, Williamstown, NJ 8094 as registered agent and member/manager. A status report obtained from the New Jersey Business Gateway Business Entity Information and Records Service on August 26, 2016, lists Eric May as the only principal of Advanced Restoration Group LLC.

28. As of August 26, 2016, the "From the business" section of Advanced's Yelp webpage listed an address for Advanced of 411 South Broadway, Pitman, NJ 08071. That section also

listed "Eric M." as the business owner. On information and belief, Eric May is the sole principal and active agent behind the business activities of Advanced.

29. On information and belief, Defendants do business through a website at http://www.servpronj.com ("Advanced Website").

30. That website lists Advanced's address as 411 South Broadway, Pitman, NJ 08071.

31. That website lists Defendants' services as including water damage cleanup, fire damage cleanup, mold removal, and restoration services.

32. On information and belief, Defendants' services include water damage cleanup, fire damage cleanup, mold removal, and restoration services.

33. As a result of Defendants' actions, consumers are being confused.

## CAUSES OF ACTION

### Count I - Trademark Infringement

34. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

35. By using "SERVPRONJ", Defendants are creating confusion among the consuming public as to source, origin, sponsorship, and/or affiliation of these services and products with the SERVPRO TRADEMARKS.

36. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

37. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the SERVPRO TRADEMARKS and of 15 U.S.C. § 1125(a) regarding uses of "SERVPRONJ" or other terms confusingly similar to SERVPRO.

38. May is the active agent behind the actions taken by Advanced.

39. Such acts by Defendants cause Servpro irreparable harm for which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. §1116.

40. Such acts further cause harm to Servpro for which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

### *Count II – Willful Trademark Infringement*

41. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

42. On information and belief, Defendants were aware of the "SERVPRO" mark and the SERVPRO TRADEMARKS at the time they began doing business through the Advanced Website.

43. On information and belief, Defendants' infringement was and is with knowledge of the "SERVPRO" mark and Servpro trademarks, was and is being committed with conscious disregard of Servpro's rights in those marks, and was and is being committed with the intent to capitalize off of those marks.

44. Given that Defendant's conduct is willful and exceptional, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

### *Count III - Unfair Competition*

45. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

46. Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their goods and services to the public as if they are the goods or services of Servpro.

{NJ689697.1}                                          7

47. Defendants falsely hold themselves out to customers and potential customers as being associated with Servpro.

48. Defendants have acted with an intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of Defendants' goods and services and Defendants' rights and authority regarding the SERVPRO TRADEMARKS.

49. May is the active agent behind the actions taken by Advanced.

50. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under N.J. Stat. Ann. § 56:4-1.

### *Count IV - Cyberpiracy*

51. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

52. Defendants registered the domain name affiliated with the Advanced Website.

53. The domain name of the Advanced Website incorporates the word "servpro" which is confusingly similar to the trademark "SERVPRO" owned by Servpro and the other SERVPRO TRADEMARKS.

54. The Advanced Website is meant to confuse consumers seeking Servpro's goods and services.

55. Defendants' affiliation with the domain name of the Advanced Website is dilutive to the SERVPRO TRADEMARKS.

56. Defendants intended, and still intend, to profit from the SERVPRO TRADEMARKS that were registered and distinctive at the time of Defendants' registration of the domains.

57. Defendants' actions in registering and using the Advanced Website and domain name constitutes bad faith intent under 15 U.S.C § 1125.

58. Defendants' actions constitute cyberpiracy under 15 U.S.C § 1125.

59. May is the active agent behind the actions taken by Advanced.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2. Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3. Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;

4. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services; and

5. Instructing others to infringe the SERVPRO TRADEMARKS and/or compete unfairly with Servpro.

B. That the Court enter preliminary and permanent injunctive relief ordering Defendant, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court.

C. That the Court award Servpro monetary damages, an accounting of profits, and attorneys' fees and costs.

D. That the Court award Servpro multiplied damages because of Defendants' willful wrongful conduct.

E. That the Court award Servpro attorneys' fees because of Defendants' exceptional conduct.

F. That the Court order forfeiture, cancellation, or transfer of the Advanced Website and affiliated domain names.

G. That the Court order statutory damages in the amount of $100,000 for the infringing domain names affiliated with the Advanced Website pursuant to 15 U.S.C. §1117(d) and 15 U.S.C. § 1125(d)(1).

H. A trial by jury as to all issues.

I. That the Court award such further relief as is merited under law and equity.

Respectfully submitted,

*/s/ Philip J. Degnan*
Philip J. Degnan, Esquire (05419-1996)

To be admitted *pro hac vice*
Edward D. Lanquist, Jr. (TN BPR 13303)
Seth R. Ogden (TN BPR 34377)
Patterson Intellectual Property Law, P.C.
Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*